United States District Court
Southern District of Texas
**ENTERED**
October 25, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOSEPH BARNARD HINES, §
§
    *Plaintiff*, §
§
v. § CIVIL ACTION NO. H-18-2741
§
MUHAMUD K. ISLAM, *ET AL.*, §
§
    *Defendants*. §

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against five Wynne Unit officials for their alleged violations of his Eighth Amendment protections against cruel and unusual punishment.[1]

Having screened the lawsuit as required by sections 1915 and 1915A, the Court DISMISSES the lawsuit for the reasons that follow.

### *Background and Claims*

Plaintiff complains that, on May 20, 2018, defendant prison officer Muhamud K. Islam refused to allow him to leave the day room to defecate in a toilet because "it was count time." Plaintiff states that he had no choice but to defecate in a near-by cardboard box, for which actions he received a disciplinary charge. He further complains that defendant officer John Schmidt refused to allow him to shower or obtain clean clothes following the incident,

---

[1] Plaintiff's standardized section 1983 complaint (Docket Entry No. 1) is not his complete complaint. His complete complaint was inadvertently docketed behind his motion for preliminary injunction (Docket Entry No. 4, Complaint).

and instead told him he could clean himself in the toilet. Nearby inmates handed him soap and toilet paper to clean himself, but he states he remained in soiled clothing for over eleven hours.

Plaintiff further claims that defendant officials Kelly Strong, Warren Worthy, and Matthew McClarin violated his constitutional rights by not promulgating a policy that allows prisoners access to toilets upon demand, and for disciplining inmates who soil themselves when a toilet is not readily available. (Docket Entries No. 1, 4, Complaint.)

Plaintiff was found guilty of a disciplinary charge for "defecat[ing] in a box on the [prison run] which resulted in a significant disruption of operations in that such act caused a delay in count." (Docket Entry No. 4, Complaint, p. 41.) His administrative grievance appeals were denied.

As judicial relief, plaintiff requests a declaratory judgment with nominal and punitive damages.[2] (Docket Entry No. 4, Complaint.) Plaintiff's request for a preliminary injunction was denied by the Court on October 11, 2018 (Docket Entry No. 10).

---

[2]Plaintiff filed with the Court a courtesy copy of a letter directed to "General Counsel" in Austin, Texas. (Docket Entry No. 9.) In the letter, plaintiff alleged certain retaliatory actions by a prison officer, and requested resolution of the situation. Plaintiff stated he believed he was being forced to request leave to amend his lawsuit to add retaliation claims. The letter was not addressed to the courts and did not seek judicial relief. Moreover, plaintiff did not subsequently request leave to amend his complaint to add retaliation claims. Accordingly, the Court takes no action regarding the letter.

*Analysis*

***Legal Standards***

Because plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under section 1915(e)(2). Both sections 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Under section 1915(e)(2)(B)(i), the Court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

***Heck Bar***

To the extent plaintiff seeks declaratory or monetary relief, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck*, the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under section 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

3

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*, 512 U.S. at 486–87; *see also Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (noting that claims asserted in a section 1983 action, whether for damages, declaratory judgment, or injunctive relief, that would imply the invalidity of a conviction, are not cognizable).

In *Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997), the Supreme Court extended *Heck* to prison disciplinary proceedings, concluding that claims for declaratory or injunctive relief or for monetary damages that necessarily imply the invalidity of an existing disciplinary punishment are not cognizable in a section 1983 proceeding. Plaintiff's request here to have this Court review the basis and validity of the disciplinary charge and the actions of the officials involved with the disciplinary proceeding and resulting punishment, if successful, would "necessarily imply the invalidity of the punishment imposed." *Edwards*, 520 U.S. at 648. Thus, plaintiff's claims are not cognizable in this case until, and unless, he has satisfied the conditions set by *Heck*. Plaintiff's pleadings show that the disciplinary conviction has not been successfully challenged through administrative or federal habeas proceedings. As a result, plaintiff does not meet the *Heck* requirements at this time and his civil claims must be dismissed. *See Heck*, 512 U.S. at 487–88; *see also McGrew v. Tex. Bd. Of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

Plaintiff's claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

***Eighth Amendment Claim***

Plaintiff alleges that the lack of a policy allowing use of toilets during "count time" causes inmates to defecate in the hallways, in trash cans, in boxes, and on themselves, creating a potential health hazard. It is unclear whether plaintiff is attempting to raise an Eighth Amendment claim for cruel and unusual punishment regarding other inmates' defecating. Regardless, his pleadings fail to raise a viable constitutional claim for purposes of relief under section 1983. A prisoner seeking relief under 42 U.S.C. § 1983 must allege an actual physical injury – and more than a *de minimis* physical injury – in order to state a claim for physical or emotional damages. 42 U.S.C. § 1997e(e).

In the instant case, plaintiff asserts nothing more than a possibility of contracting an illness or disease, which is insufficient to raise a viable Eighth Amendment claim. *See Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir. 2001) (holding that a prisoner was not entitled to money damages as a matter of law on his claim for mental and emotional stress due to an increased risk of illness, cold showers, cold food, unsanitary dishes, insect problems, inadequate clothing, and the presence of an open cesspool near the housing unit because he did not allege any physical injuries resulting therefrom). Accordingly, plaintiff's

factual allegations here would fail to raise a viable Eighth Amendment claim for which relief could be granted under section 1983.

## *Conclusion*

Plaintiff's claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck* conditions are met. Any and all pending motions are DENIED AS MOOT. This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to all parties, to TDCJ–Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas on October 24, 2018.

Gray H. Miller
United States District Judge