IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH BARNARD HINES, | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. H-18-2741 |
| MUHAMUD K. ISLAM, ET AL., | § |
| Defendants. | § |

## ORDER

Pending before the Court is plaintiff's Rule 60(b) motion seeking to reopen this *pro se* section 1983 state inmate lawsuit (Docket Entry No. 13). The Court dismissed this case on October 24, 2018. Plaintiff filed the instant motion on December 5, 2018.

Federal Rules of Civil Procedure 60(b)(1) through (b)(5) empower a district court to grant relief because of a mistake, surprise, newly discovered evidence, fraud, or a void or discharged judgment. Rule 60(b)(6) permits vacatur for "any other reason that justifies relief." Plaintiff here does not specifically request relief under any subsection of Rule 60(b), nor does his motion set forth facts or argument warranting relief under Rule 60(b)(1) through (b)(5). Consequently, the Court will consider whether plaintiff merits relief under the "catch-all" provision of Rule 60(b)(6).

The Fifth Circuit Court of Appeals has explained the application of Rule 60(b)(6) as follows:

> Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case. However, we have also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief will be granted only if extraordinary circumstances are present. Accordingly, Rule 60(b)(6) requires a showing of manifest injustice and will not be used to relieve a party from the free, calculated, and deliberate choices he has made.

*Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (internal quotation marks and citations omitted). The party seeking relief has the burden of showing that absent relief, an extreme and unexpected hardship will result. *Valentine Sugars, Inc. v. Sudan*, 34 F.3d 320, 321–22 (5th Cir. 1994) (citations omitted). A Rule 60(b) motion may not be used as a substitute for appeal. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

Plaintiff's motion shows no "extraordinary circumstances" that would warrant Rule 60(b)(6) relief. Plaintiff disagrees with the Court's dismissal of his lawsuit and application of the *Heck/Balisok* bar; his disagreement does not constitute extraordinary circumstances. To the extent he complains that he was not allowed to amend his complaint to add a retaliation claim, plaintiff did not seek leave to amend his complaint. Regardless, no viable retaliation claim is shown. To raise a viable retaliation claim, a plaintiff must show, among other things, that the disciplinary conviction would not have occurred but for a retaliatory motive. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Plaintiff admits that he defecated in a cardboard box, and that he received the disciplinary conviction for "defecat[ing] in a box on the [prison run] which resulted in a significant

disruption of operations in that such act caused a delay in count." Plaintiff's conclusory assertion of retaliation would not meet the causation requirement for raising a viable retaliation claim.

Plaintiff's Rule 60(b) motion (Docket Entry No. 13) is DENIED.

Signed at Houston, Texas, on January 8, 2019.

_____
Gray H. Miller
Senior United States District Judge